# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## NORTHERN DIVISION

SALEEM M. NELSON,                          )
                                           )
            Plaintiff,                     )
                                           )
      v.                                   )            No. 2:19CV19  HEA
                                           )
ANNE L. PRECYTHE, et al.,                  )
                                           )
            Defendants.                    )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Saleem M. Nelson for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $57.90. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, plaintiff will be directed to file an amended complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposit in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of the Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of his motion to proceed in forma pauperis, plaintiff submitted a certified inmate account statement. The statement shows an average monthly deposit of $289.50. The Court will therefore assess an initial partial filing fee of $57.90, which is 20 percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff files his complaint pursuant to 42 U.S.C. § 1983, alleging the conditions of his confinement at Moberly Correctional Center ("MCC") are unconstitutional because of the

presence of black mold, fungus, asbestos, dust, inadequate cleaning, flooding, and vermin. He

names as defendants Anne L. Precythe, Director of Missouri Department of Corrections

("MoDOC"); Dean Minor, Superintendent of MCC; Ryan Crews, Deputy Division Director of

MoDOC; Dennis Allen, Assistant Warden of MCC; Theresa Thornburg, Assistant Warden of

MCC; and Mark Trusty, Functional Unit Manager at MCC. As for his statement of claim,

plaintiff states:

> Each and every defendant listed has disregarded the health hazard of constant
> exposure to Mold, Fungus, Asbestos, and Dusty Ventilation Systems. Daily
> Coercion to attempt to clean the Mold, Fungus, Asbestos, and Dusty Ventilation
> Systems without proper Accouter, Chemicals, Training etc. . . . To shower in
> showers that is covered in Black Mold[.] To use restroom area where there's a
> Major Breakout and exposure to Black Mold, Fungus, Asbestos, and Extremely
> Dusty areas, and to live in a cell where the Ventilation blows out constant Dust,
> and we're forced to also reside in living areas infested with Roaches, and Mice,
> and in the Spring time when it constantly Rains the most the cells/living areas
> flood with rain water causing illness and damage to property

Plaintiff alleges these unconstitutional conditions have existed at MCC since November

2016. He states these conditions have caused him chronic sinus issues, constant headaches,

bloody mucus, nose bleeds, eye aches, shortness of breath, throat aches, and coughing. For

relief, he seeks $1 million, and injunctive relief allowing him to see an outside physician with all

costs paid. He also seeks to have "all Fungus, Mold, Asbestos, and Dusty Ventilation problems

cured/fixed by renovation and restoration."

**Discussion**

The Supreme Court has stated that the "Constitution does not mandate comfortable

prisons," *Rhodes v. Chapman*, 492 U.S. 337, 349 (1981), and that only "extreme deprivations"

that deny "the minimal civilized measure of life's necessities are sufficiently grave to form the

basis" of a § 1983 conditions-of-confinement claim. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

"Although the Constitution does not mandate comfortable prisons, inmates are entitled to

reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time." *Whitnack v. Douglas Cty.*, 16 F.3d 954, 957 (8th Cir. 1994) (internal quotation and citations omitted). "Conditions of confinement, however, constitute cruel and unusual punishment 'only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise.'" *Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 304-05 (1991)). "Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists." *Id.* (quoting *Wilson*, 501 U.S. at 305). "Conditions, such as a filthy cell, may be 'tolerable for a few days and intolerably cruel for weeks or months.'" *Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989) (quoting *Hutto v. Finney*, 437 U.S. 678, 687 (1978)).

Here, it is plausible that plaintiff might be able to bring an unconstitutional conditions-of-confinement claim arising out of the alleged black mold, fungus, asbestos, dust, inadequate cleaning, flooding, and vermin at MCC since 2016. His complaint, however, fails short of stating a plausible claim against defendants. The complaint fails to adequately allege facts showing how each named defendant was personally aware of and disregarded a substantial risk to plaintiff's health or safety. "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (stating that a § 1983 claim was not cognizable where plaintiff failed to allege that defendant was personally involved in or directly responsible for incident that injured him).

Plaintiff's complaint does not demonstrate this causal link as to defendants. Rather, plaintiff relies on the supervisory or administrative positions of the MoDOC defendants—Anne Precythe and Ryan Crews—to assert liability, which is inadequate to state a claim. *See Rogers v.*

*King*, 885 F.3d 1118, 1122 (8th Cir. 2018) (stating that government officials may not be held liable for unconstitutional conduct under a theory of respondeat superior). As to the MCC defendants, plaintiff has not identified which defendant knew of which condition and what the defendant did or did not do to attempt to correct the condition. He alleges only in conclusory fashion, "Each and every defendant listed has disregarded the health hazard of constant exposure to Mold, Fungus, Asbestos, and Dusty Ventilation Systems."

Because plaintiff is proceeding pro se, he will be given an opportunity to file an amended complaint. He should amend his complaint according to the instructions set forth below.

### Amendment Instructions

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. Plaintiff should follow the same procedure for each defendant.

It is important that plaintiff allege facts demonstrating the personal responsibility of the defendant for harming him. *See Madewell*, 909 F.2d at 1208 (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If plaintiff names more than one defendant, it is important that he establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his

constitutional rights. It is not enough for plaintiff to make general allegations against all the defendants as a group. Rather plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can receive notice of what he or she is accused of doing. *See Topchain v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. Plaintiff is warned that the filing of an amended complaint completely replaces the original complaint. This means that claims that are not realleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). If plaintiff fails to file an amended complaint on a Court-provided form within twenty-eight days in accordance with the instructions set forth above, the Court will dismiss this action without prejudice and without further notice to plaintiff.

**Motion to Appoint Counsel**

Finally, plaintiff has filed a motion to appoint counsel. There is no constitutional or statutory right to appointed counsel in civil cases. *See Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present

the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

After considering these factors, the Court finds that the facts and legal issues involved are not so complicated that the appointment of counsel is warranted at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is **GRANTED**. [ECF No. 3]

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $57.90 within twenty-eight (28) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall have twenty-eight (28) days from the date of this order in which to file his amended complaint on the Court-provided form, according to the instructions set forth above.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this order within twenty-eight (28) days, this action will be dismissed without prejudice and without further notice.

**IT IS FURTHER ORDERED** that when plaintiff's amended complaint is received, it will be reviewed pursuant to 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED**.

[ECF No. 2]

Dated this 23rd day of August, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE