# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | | |
|---|---|---|
| SALEEM M. NELSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:19-CV-19-HEA |
| | ) | |
| RYAN CREWS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on initial review of plaintiff's amended complaint pursuant to 28 U.S.C. § 1915(e)(2). In an opinion, memorandum and order dated August 23, 2019, the Court ordered plaintiff to file an amended complaint to make specific factual allegations against each named defendant. *See* ECF No. 6. Pursuant to that order, plaintiff filed his amended complaint on October 28, 2019.

## Amended Complaint

Plaintiff files his amended complaint pursuant to 42 U.S.C. § 1983, alleging the conditions of his confinement at Moberly Correctional Center ("MCC") are unconstitutional because of the presence of black mold, fungus, asbestos, dust, inadequate cleaning, flooding, sewage, and vermin. He names as defendants Ryan Crews (Deputy Division Director, Missouri Department of Corrections ("MoDOC")); Dean Minor (Warden, MCC); Mark Trusty (FUM, MCC); and Samantha Licht (Case Manager, MCC). He sues all defendants in their individual and official capacities.

Plaintiff states that the cells at MCC flood during heavy rains, and that "sewage laden water often flows into the offender living areas and . . . into the ventilation systems." He also alleges

that the air at MCC is contaminated with mold, fungus, and asbestos. In particular, plaintiff states that housing unit three is littered with construction debris from an incomplete asbestos abatement project. No other housing unit has been scheduled for asbestos abatement despite the presence of asbestos. As for vermin, plaintiff states that "mice, cockroaches, and small black worms that appear to be leaches" infest the inmates' living areas. Plaintiff alleges these conditions have existed at MCC since November 2016.

Plaintiff alleges he suffers chronic sinus issues, constant headaches, bloody mucus and nose bleeds, eye aches, shortness of breath, throat aches and coughing, chest pains, and fatigue as a result of the conditions at MCC. For relief he seeks $5 million and injunctive relief allowing him to see an outside physician with all expenses paid. He also seeks to have "all of the fungus, mold, asbestos, and dusty ventilation problems cured/fixed by renovation and restoration."

## Discussion

As discussed in the Court's opinion, memorandum and order dated August 23, 2019, the Supreme Court has stated that the "Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 492 U.S. 337, 349 (1981), and that only "extreme deprivations" that deny "the minimal civilized measure of life's necessities are sufficiently grave to form the basis" of a § 1983 conditions-of-confinement claim. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "Although the Constitution does not mandate comfortable prisons, inmates are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time." *Whitnack v. Douglas Cty.*, 16 F.3d 954, 957 (8th Cir. 1994) (internal quotation and citations omitted). "Conditions of confinement, however, constitute cruel and unusual punishment 'only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise.'" *Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 304-

05 (1991)). "Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists." *Id.* (quoting *Wilson*, 501 U.S. at 305). "Conditions, such as a filthy cell, may be 'tolerable for a few days and intolerably cruel for weeks or months.'" *Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989) (quoting *Hutto v. Finney*, 437 U.S. 678, 687 (1978)).

Liberally construing plaintiff's complaint, and taking all facts alleged as true, the Court finds that plaintiff has stated an unconstitutional conditions-of-confinement claim arising out of the alleged black mold, fungus, asbestos, dust, inadequate cleaning, flooding, raw sewage, and vermin at MCC since 2016. The Court will order the Clerk to serve process on defendants Dean Minor, Mark Trusty, and Samantha Licht, each of whom work at MCC, in their individual capacities.

The Court will dismiss, however, defendant Ryan Crews, Deputy Division Director of MoDOC. Plaintiff's complaint fails to adequately allege facts showing how defendant Crews was personally aware of and disregarded a substantial risk to plaintiff's health or safety. Although Crews reviewed plaintiff's grievance appeal, this is not sufficient to create liability. "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (stating that a § 1983 claim was not cognizable where plaintiff failed to allege that defendant was personally involved in or directly responsible for incident that injured him). Plaintiff's complaint does not demonstrate this causal link as to defendant Crews. Rather, plaintiff relies on the supervisory or administrative positions of Crews to assert liability, which is inadequate to state a claim. *See Rogers v. King*, 885 F.3d 1118, 1122 (8th Cir. 2018) (stating that

government officials may not be held liable for unconstitutional conduct under a theory of respondeat superior).

Additionally, the Court will dismiss plaintiff's claims brought against defendants in their official capacities. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As a result, the complaint fails to state a claim upon which relief can be granted against defendants in their official capacities.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the amended complaint, pursuant to the service agreement the Court maintains with the Missouri Attorney General's Office, as to defendants Dean Minor (Warden, MCC), Mark Trusty (FUM, MCC), and Samantha Licht (Case Manager, MCC) in their individual capacities.

**IT IS FURTHER ORDERED** that the complaint against defendant Ryan Crews (Deputy Division Director, MoDOC) is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's claims brought against defendants in their official capacities are **DISMISSED** without prejudice.

A separate order of partial dismissal will accompany this memorandum and order.

Dated this 12th day of December, 2019.

                                          HENRY EDWARD AUTREY
                                         UNITED STATES DISTRICT JUDGE