UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| SALEEM NELSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:19CV19 HEA |
| | ) | |
| ANN PRECYTHE, et al., | ) | |
| | ) | |
| Defendants, | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendants Motion to Dismiss Plaintiff's

Complaint for Failure to State a Claim, [Doc. No. 19].  For the reasons set forth

below, the Motion is denied.

**Facts and Background**

Plaintiff filed his amended complaint pursuant to 42 U.S.C. § 1983, alleging

the conditions of his confinement at Moberly Correctional Center ("MCC") are

unconstitutional because of the presence of black mold, fungus, asbestos, dust,

inadequate cleaning, flooding, sewage, and vermin. The remaining defendants are

Dean Minor (Warden, MCC), Mark Trusty (FUM, MCC), and Samantha Licht

(Case Manager, MCC).

Plaintiff states that the cells at MCC flood during heavy rains, and that

"sewage laden water often flows into the offender living areas and . . . into the

ventilation systems." He also alleges that the air at MCC is contaminated with mold, fungus, and asbestos. In particular, plaintiff states that housing unit three is littered with construction debris from an incomplete asbestos abatement project. No other housing unit has been scheduled for asbestos abatement despite the presence of asbestos. As for vermin, plaintiff states that "mice, cockroaches, and small black worms that appear to be leaches" infest the inmates' living areas.

Plaintiff alleges these conditions have existed at MCC since November 2016.  He also alleges he suffers chronic sinus issues, constant headaches, bloody mucus and nose bleeds, eye aches, shortness of breath, throat aches and coughing, chest pains, and fatigue as a result of the conditions at MCC.

## Standard of Review

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing the litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001).  To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

In addressing a motion to dismiss, "[t]he court may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." *Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011). *Ursery v. Fed. Drug Enf't Admin.*, No. 4:12CV1911 HEA, 2014 WL 117627, at *2 (E.D. Mo. Jan. 13, 2014).

When considering a motion to dismiss, a court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id.* at 555–56, 127 S.Ct. 1955; Fed. R. Civ. P. 8(a)(2). The principle that a court must accept as true all of the allegations contained in a complaint does not apply to legal conclusions, however. *See Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"); *see also Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (en banc) (to survive a motion to dismiss, "a civil rights complaint must contain facts which state a claim as a matter of law and must not be conclusory.")

## Discussion

The "Constitution does not mandate comfortable prisons," and only "extreme deprivations" that deny "the minimal civilized measure of life's necessities are sufficiently grave to form the basis" of a § 1983 claim. *Hudson v.*

3

*McMillian*, 503 U.S. 1, 9 (1992); *Rhodes v. Chapman*, 452 U.S. 337, 347-49 (1981).

Thus, a prisoner presents a viable inhumane conditions of confinement claim only if he alleges that he was subjected to conditions that pose "a substantial risk of serious harm to his health or safety." *Smith v. Copeland*, 87 F.3d 265, 267-68 (8th Cir. 1996). The length of time that a prisoner is subjected to the allegedly unconstitutional conditions is a "critical factor" in the analysis. *Id.* at 269; *see also Whitnack v. Douglas County,* 16 F.3d 954, 958 (8th Cir. 1994). Moreover, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Finally, because there is no vicarious liability in § 1983 actions, a prisoner "must plead that each Government-official defendant, through the official's own action, has violated the Constitution," and the complaint must contain sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 676 & 678; *see Keeper v. King.,* 130 F.3d 1309, 1314 (8th Cir. 1997) (holding that the "general

4

responsibility for supervising the operations of a prison in insufficient to establish the personal involvement required to support [§ 1983] liability"). Liability under § 1983 "requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990).

Defendants argue they are entitled to qualified immunity.  A public official is entitled to qualified or "good faith" immunity unless (1) the alleged facts show a violation of a constitutional right, and (2) the right was clearly established at the time of the alleged misconduct. *See Sok Kong Trustee for Map Kong v. City of Burnsville*, ___ F.3d ___, 2020 WL 2781314 (8th Cir. 2020) (citing *Pearson v. Callahan*, 555 U.S. 223, 232, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009)); *see also Burton v. St. Louis Bd. of Police Com'rs,* 731 F.3d 784, 791 (8th Cir. 2013).

In support of their contention they are entitled to qualified immunity, defendants argue that plaintiff cannot prove Defendants disregarded an excessive risk to his health or safety.  They further argue that Plaintiff did not seek medical attention based on his claimed health issues.  Defendants claim that Plaintiff has not provided evidence that mold, fungus or asbestos exist in the air he breathes. Defendants urge that they responded to Plaintiff's grievances by advising Plaintiff that bleach is being used and that the asbestos has been removed.  Plaintiff has, however, alleged that he was breathing contaminated air which caused him to suffer chronic sinus issues, constant headaches, bloody mucus and nose bleeds, eye

5

aches, shortness of breath, throat aches and coughing, chest pains, and fatigue.  He claims that although Defendants say the problems have been resolved, the remedial efforts were ineffective, and the problems still exist.

The issue at this stage of the litigation is not whether Plaintiff can *prove* any of the allegations, rather, the question for the Court  is whether Plaintiff has stated enough to survive a challenge at the pleading level. Plaintiff is not required in his Complaint to set forth evidence; a Complaint must allege sufficient facts to raise a plausible claim for relief. While Defendants may be able to establish, with evidence, that Plaintiff's claims fail because he did not have certifiable injuries as a result of the conditions, for the purposes of a  motion to dismiss, the Court must assume the truth of the allegations.

Defendants also argue that Plaintiff has failed to establish that Defendants knew of the risk of harm because Plaintiff's own Complaint sets out that remedial measures have been taken to alleviate the mold and asbestos.  Plaintiff's allegations are sufficient to survive the instant motion.

Defendants argue that they responded to his grievances.  Plaintiff, however, alleges in the Complaint that the remedial measures were ineffective, and that Defendants were aware of the ineffectiveness. Again, at the motion to dismiss stage, the standard is satisfied.

Defendant's motion does not seek summary judgment wherein Plaintiff

6

would be required to produce evidence of his allegations to establish a violation of his constitutional right of which Defendants were aware and ignored.  Plaintiff has met federal pleading standards by pleading factual allegations of that he is breathing tainted air, that his cell floods during heavy rains, that vermin are present in the institution and that Defendants knew of these issues but failed to adequately cure them.

## Conclusion

Plaintiff's Amended Complaint satisfies the pleading standard to survive a motion to dismiss for failure to state a claim.  Likewise, Defendants are not entitled to qualified immunity at this stage of the litigation since Defendants move solely to dismiss such that the Court is limited to the Amended Complaint and anything embraced by it; the Court is not at liberty to consider evidence.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [Doc. No. 19] is denied.

Dated this 17th day of June, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

7

8