UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| SALEEM NELSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 2:19CV19 HEA |
| | ) |
| ANNE L. PRECYTHE, et. al | ) |
| | ) |
| Defendants. | ) |

# **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's "Motion for the Authorization of Funds under the Criminal Justice Act," [Doc. No. 23] and Plaintiff's "Request for Discovery, and or a Motion to Compel Discovery, and Extension of Time to Provide the Ordered Information to Defendant," [Doc. No. 24]. Defendants have not responded to the motions.

**Motion for the Authorization of Funds**

Plaintiff asks the Court to enter an order appointing an investigator and counsel. Plaintiff claims there are documents, records, and other evidence that need to be reviewed in person by an investigator and counsel. Plaintiff does not indicate that he has sought any of the documentation through the discovery process.

The appointment of counsel for an indigent *pro se* plaintiff lies within the discretion of the Court, as there is no constitutional or statutory right to appointed counsel in civil cases. *Ward v. Smith*, 732 F.3d 940, 942 (8th Cir. 2013); *see* 28 U.S.C. ' 1915(e) ("when an indigent prisoner has pleaded a nonfrivolous cause of action, a court <u>may</u> appoint counsel.") (emphasis added).

Once the plaintiff alleges a *prima facie* claim, the Court must determine the plaintiff's need for counsel to litigate the claim effectively. *In re Lane*, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. *Edgington v. Missouri Dept. of Corrections*, 52 F.3d 777, 780 (8th Cir. 1995), *abrogated on other grounds*, *Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005) (citations omitted). This determination involves the consideration of several relevant criteria which include "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips v. Jasper County Jail*, 437 F.3d 791, 94 (*citing Edgington*, 52 F.3d at 780).

In some instances, a court may deny a motion for appointment of counsel without prejudice because it believes the record is insufficient to determine, one way or the other, whether it would be appropriate to appoint counsel when the

above factors are considered. *See Id.* For example, discovery may not have begun or may have just begun at the time of the request for appointment of counsel, so there is no conflicting testimony. There may be no indication in the record that the plaintiff lacks the ability to investigate or present his case where he correctly identifies the applicable legal standard governing his claims and his complaint contains all essential information. Finally, the Court may consider whether the plaintiff's claims involve information that is readily available to him. *Phillips*, 437 F.3d at 794.

In this case, the record does not support the appointment of counsel at this time. Nor does this case require an investigator. The claims plaintiff has presented do not appear factually or legally complex at this time Finally, plaintiff has demonstrated ability to clearly present and investigate his claims. He has filed a complaint that is articulate and readily understood, indicating that he is capable of clear expression and logical organization of content. However, the Court recognizes that the relevant circumstances may change. The Court will therefore deny the motion without prejudice.

**Request for Discovery, and or Motion to Compel Discovery and Extension of Time to Provide the Ordered Information to Defendants**

Plaintiff does not advise the Court whether he has served his discovery requests on Defendants other than through this Motion. Since Defendants have not responded to the motion, the Court is unable to ascertain whether Plaintiff has so

requested and/or whether Defendants object to the requests.  The Motion is denied as premature, and Defendants are ordered to consider the substance of this motion as Plaintiff's request for production.  Defendants are advised to consider Plaintiff's requests and either provide the discovery or move the Court if Defendants object.  Plaintiff's request for extension to respond to Defendants' requested discovery is denied.  Plaintiff claims he cannot respond until he receives the discovery from Defendants but fails to advise the Court the basis for his belief.

      Dated this 11th day of August, 2020.

      _____
      HENRY EDWARD AUTREY
      UNITED STATES DISTRICT JUDGE