UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHEASTERN DIVISION

SALEEM NELSON,                      )
                                    )
              Plaintiff,            )
                                    )
      vs.                           )        Case No. 2:19CV19 HEA
                                    )
ANNE PRECYTHE, et al.,              )
                                    )
              Defendants.           )

## OPINION, MEMORANDUM AND ORDER

This matter is before the court on remaining Defendants Minor, Trusty, and Licht's Motion for Summary Judgment, [Doc. No. 40]. Plaintiff has failed to respond to the motion. For the reasons articulated below Defendants' Motion for Summary Judgment will be granted.

### Facts and Background

Plaintiff filed this action under the provisions of 42 U.S.C. § 1983 alleging that the conditions of his incarceration at the Moberly Correctional Center are unconstitutional because of the presence of black mold, fungus, asbestos, dust, inadequate cleaning, flooding, and vermin. He states these conditions have caused him chronic sinus issues, constant headaches, bloody mucus, nose bleeds, eye aches, shortness of breath, throat aches, and coughing.

Defendants moved for summary judgment on May 28, 2021, filing with their Motion a Memorandum in Support and a Statement of Uncontroverted Material

Facts ("SOF"). Plaintiff filed no opposition whatsoever to Defendants' Motion. Under the Local Rules, Plaintiff's failure to respond in any fashion to Defendants' Motion means that "[a]ll matters set forth in [Defendants' SOF] shall be deemed admitted for purposes of summary judgment." L.R. 4.01(E); *see also Freeman v. Adams*, No. 1:12-cv-86-SNLJ, 2014 WL 1056760, at *5 n.4 (E.D. Mo. Mar. 19, 2014) ("The movant's [] facts are deemed admitted if not specifically controverted by the party opposing the motion with specific references to portions of the record as required by Local Rule 4.01(E) and Federal Rule of Civil Procedure 56(c)(1).").

The Court will thus set out the undisputed factual background as supplied by Defendants in their Motion and SOF.

Plaintiff, Saleem Nelson, is an inmate at the Moberly Correctional Center (Moberly), under the custody of the Missouri Department of Corrections (MDOC). Defendant Dean Minor was the warden of Moberly at the time of the incident forming the basis for Plaintiff's suit. Defendant Samantha Licht was a case manager at Moberly at the time of the incident forming the basis for Plaintiff's suit. Defendant Mark Trusty was a functional unit manager (FUM) at Moberly at the time of the incident forming the basis for Plaintiff's suit.

Plaintiff alleges the housing unit at Moberly where he then resided contains asbestos, black mold, and unidentified fungus, which is causing various problems, including headaches, sinus issues, etc.

2

On July 2, 2018, Plaintiff filed an Informal Resolution Request (IRR) with Defendant Licht, alleging he was being forced "by coercion" to breathe in mold, fungus, and asbestos.   In the same IRR, Plaintiff claimed cleaning the wings "doesn't work," and requested the entire wing be renovated. Defendant Licht responded to Plaintiff via letter stating she had spoken with Defendant Trusty and he informed her "Extra duty workers have started to be put on special projects cleaning showers, walls, floors, and toilet areas on the weekends, the wings are sprayed once a week, classification and custody staff walk the wings to ensure the cleanliness of the wing and work orders are completed regarding any problems that arise in the wing." Defendant Licht further stated in her letter the above actions would continue and the wings would not be renovated but attached information on the proper cleaning methods for mold from the website for the federal Environmental Protection Agency.

Plaintiff then filed an Offender Grievance stating the response was unacceptable since his request for a full renovation was denied. Defendant Minor responded to this grievance via letter, stating an asbestos abatement project had been completed that same year (2018), and air-flow tests in March 2018 within the housing units "showed no signs of mold or asbestos."   Defendant Minor further stated the shower areas were cleaned daily against bleach, as it is a proven agent against mold.

Plaintiff then filed an Offender Grievance stating the response was unacceptable since his request for a full renovation was denied. Defendant Minor responded to this grievance via letter, stating an asbestos abatement project had been completed that same year (2018), and air-flow tests in March 2018 within the housing units "showed no signs of mold or asbestos." Defendant Minor further stated the shower areas were cleaned daily against bleach, as it is a proven agent against mold. Defendant Minor concluded by stating if Plaintiff saw an area in need of further cleaning, he should bring it to staff attention in order to resolve the issue. Minor also stated if Plaintiff had any medical concerns, he should fill out a Health Services Request (HSR) and utilize the sick call process.

Plaintiff filed an Offender Grievance Appeal, stating again the response was unacceptable because his request for renovation of the entire housing wing was denied.

In his appeal, Plaintiff claims the cleaning methods used are not effective for various reasons. Non-party Ryan Crews, Deputy Division Director for the MDOC Division of Adult Institutions, responded via letter to deny Plaintiff's appeal, stating Plaintiff had not provided any additional evidence to support his claims of being subjected to mold, fungus, asbestos, and a dusty ventilation system. Non-party Crews denied Plaintiff's grievance appeal on Nov. 14, 2018.

4

## Summary Judgment Standard

"Summary judgment is proper where the evidence, when viewed in a light most favorable to the non-moving party, indicates that no genuine [dispute] of material fact exists and that the moving party is entitled to judgment as a matter of law." *Davison v. City of Minneapolis, Minn*., 490 F.3d 648, 654 (8th Cir. 2007); Fed. R. Civ. P. 56(a). Summary judgment is not appropriate if there are factual disputes that may affect the outcome of the case under the applicable substantive law. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). A dispute of material fact is genuine if the evidence would allow a reasonable jury to return a verdict for the non-moving party. *Id*. "The basic inquiry is whether it is so one-sided that one party must prevail as a matter of law." *Diesel Machinery, Inc. v. B.R. Lee Industries, Inc.*, 418 F.3d 820, 832 (8th Cir. 2005) (internal quotation marks and citation omitted). The moving party has the initial burden of demonstrating the absence of a genuine issue of material fact. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (citation omitted). Once the moving party has met its burden, "[t]he nonmovant must do more than simply show that there is some metaphysical doubt as to the material facts and must come forward with specific facts showing that there is a genuine issue for trial." *Id*. (internal quotation marks and citation omitted).

To survive a motion for summary judgment, the "nonmoving party must

'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.'" *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003) (quoting *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)). The nonmoving party may not merely point to unsupported self-serving allegations but must substantiate allegations with sufficient probative evidence that would permit a finding in his or her favor. *Wilson,* 62 F.3d 237, 241 (8th Cir. 1995). "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Anderson,* 477 U.S. 242 at 252; *Davidson & Associates v. Jung,* 422 F.3d 630, 638 (8th Cir. 2005). "Simply referencing the complaint, or alleging that a fact is otherwise, is insufficient to show there is a genuine issue for trial." *Kountze ex rel. Hitchcock Foundation v. Gaines,* 2008 WL 2609197 at *3 (8th Cir. 2008).

Defendants move for summary judgment based on sovereign immunity as to the claims against them in their official capacities and on qualified immunity as to the claims against them in their individual capacities.   The claims against Defendants in their official capacities were dismissed in the Court's Opinion, Memorandum, and Order dated December 12, 2020.   Thus, the only remaining claims against them are the individual capacity claims.

**Discussion**

"Qualified immunity shields public officials from liability for civil damages if their conduct did not 'violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Turning Point USA at Ark. St. Univ. v. Rhodes*, 973 F.3d 868, 875 (8th Cir. 2020) (citation omitted), *cert. denied*, *Hoggard v. Rhodes*, —— U.S. ——, 141 S.Ct. 2421, –—— L.Ed.2d —— (2021)). We determine "(1) whether the facts shown by the plaintiff make out a violation of a constitutional or statutory right, and (2) whether that right was clearly established at the time of the defendant's alleged misconduct." *Id.* (cleaned up).

*Intervarsity Christian Fellowship/USA v. Univ. of Iowa*, No. 19-3389, 2021 WL 3008743, at *5 (8th Cir. July 16, 2021).

The Supreme Court has stated that the "Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 492 U.S. 337, 349 (1981), and that only "extreme deprivations" that deny "the minimal civilized measure of life's necessities are sufficiently grave to form the basis" of a § 1983 conditions-of-confinement claim. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "Although the Constitution does not mandate comfortable prisons, inmates are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time." *Whitnack v. Douglas Cty.*, 16 F.3d 954, 957 (8th Cir. 1994) (internal quotation and citations omitted). "Conditions of confinement, however, constitute cruel and unusual punishment 'only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise.'" *Id.* (quoting *Wilson v.*

7

*Seiter*, 501 U.S. 294, 304-05 (1991)). "Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists." *Id*. (quoting *Wilson*, 501 U.S. at 305).

Plaintiff fails to present any evidence of a constitutional violation based on the conditions of confinement or deliberate indifference to his health or safety. The record before the Court unequivocally establishes that Plaintiff's claims are groundless.

Plaintiff submitted grievances based on his belief that Moberly contained mold, fungus, and asbestos.   The grievances were addressed with details of the cleaning procedures at Moberly, the results of the asbestos abatement project, and future plans to ensure the cleanliness of the wing.   Plaintiff was further advised that if he saw an area that needed cleaning, he should bring that to the attention of the staff members, and that if he needed medical attention, he should complete a Health Services Request and utilize the sick call process.   Plaintiff did neither. The record is devoid of any evidence that Plaintiff encountered mold, asbestos, or fungus after the responses to his grievances.   Plaintiff never requested medical attention for his alleged medical issues.   Plaintiff merely alleges mold, asbestos, and fungus with nothing to support his claims. Defendants have presented evidence that Plaintiff's claims are without merit.

## Conclusion

8

Plaintiff has failed to present a violation of any constitutional rights, and therefore, Defendants are entitled to qualified immunity.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment [Doc. No. 40] is **GRANTED**.

A separate judgment is entered this same date.

Dated this 20th day of July, 2021.


_____
     HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE